UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                       :

DR. GERALD FINKEL,                     :
*As Chairman of the Joint Industry Board of*   :
*the Electrical Industry*,                      :
                                                       : **MEMORANDUM**
                              Plaintiff,         : **DECISION & ORDER**
                                                        :
                       - against -              : 18-cv-2276 (BMC)
                                                        :
I.G. FEDERAL ELECTRICAL SUPPLY      :
CORP.,                                                   :
                                                       :
                                      Defendant.      :
----------------------------------------------------------- X

**COGAN**, District Judge.

Before me is plaintiff's motion for default judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff is the Chairman of the Joint Industry Board of the Electrical Industry. JIBEI is the administrator and fiduciary of the Employees Security Fund of the Electrical Products Industries. The Fund is governed by ERISA, 29 U.S.C. § 1001 *et seq*., and JIBEI collects required employee benefit contributions on behalf of the Fund.

Defendant is subject to a certain collective bargaining agreement that requires payment of employee benefits to the Fund, as well as withdrawal liability pursuant to ERISA if it withdraws from the collective bargaining agreement. Defendant went out of business and plaintiff seeks to collect withdrawal liability as a result. Plaintiff calculates the amount of withdrawal liability as $2,694,931, plus interest, liquidated damages, and attorneys' fees, as provided in a trust agreement between the International Brotherhood of Electrical Workers Union Local No. 3 and employer representatives. Plaintiff has made due demand but defendant has not responded.

Plaintiff commenced this action by filing a complaint and summons on April 17, 2018; he served defendant on April 25, 2018. Plaintiff filed proof of service with the Court on May 7, 2018. Defendant has not answered or otherwise appeared in this action, and the time to do so has expired. On June 4, 2018, the Clerk of Court entered default against defendant pursuant to Fed. R. Civ. P. 55(a).

## DISCUSSION

In light of defendant's default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "Rule 55(b)(2) provides that when granting a default judgment, if 'it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence . . . the court may conduct such hearings or order such references as it deems necessary and proper.'" Id. at 154 (quoting since-restyled Fed. R. Civ. P. 55(b)(2)). The Second Circuit has held that as long as a district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Plaintiff's counsel submitted an affidavit in support of this motion for default judgment. Attached to that affidavit as exhibits are copies of the collective bargaining agreement, the trust agreement, documentation that supports plaintiff's request for costs and attorney's fees, and a statement setting forth the amounts due to plaintiff. These submissions are sufficient evidence to

form the basis for an award of damages for the categories provided in § 1132(g)(2) of ERISA as follows:

| Withdrawal liability | $ 2,694,931.00 |
|---|---|
| Liquidated damages[1] | 538,986.20 |
| Interest through date of judgment | 378,434.75 |
| Attorneys' fees | 9,930.64 |
| **TOTAL** | $ 3,622,282.59 |

Plaintiff's requested attorneys' fees are reasonable considering the nature of this case and the time expended.

## CONCLUSION

The motion for a default judgment is granted. Judgment will be entered in favor of plaintiff in the amount of $ 3,622,282.59.

**SO ORDERED.**

Dated: Brooklyn, New York
      July 11, 2018

U.S.D.J.

---

[1] Because the withdrawal liability is easily calculable based on plaintiff's records, the liquidated damages provision is arguably void as a penalty. See generally Leasing Serv. Corp. v. Justice, 673 F.2d 70, 73 (2d Cir. 1982). However, this is an affirmative defense that defendant has waived by failing to appear. The Court has no obligation to act as a defaulting defendant's lawyer. See Greathouse v. JHS Sec. Inc., 784 F.3d 105, 120-22 (2d Cir. 2015) (Korman, J., concurring in part and dissenting in part).